UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWIN REXACH | : | CIVIL NO. 3:02CV0243(MRK) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| *Defendant.* | : | DECEMBER 7, 2004 |

**JOINT TRIAL MEMORANDUM**

1. **Trial Counsel**

   **Plaintiff**

   Reine C. Boyer
   Federal Bar No. ct 18803
   Law Office of Reine C. Boyer
   111 Prospect Street
   Stamford, CT 06901
   Tel: (203) 967-4422
   Fax: (203) 967-8822

   **Defendant**

   Joseph A. Jordano
   Assistant Attorney General
   Federal Bar # ct 21487
   55 Elm Street, P.O. Box 120
   Hartford, CT 06141-0120
   Tel: (860) 808-5340
   Fax: (860) 808-5383

   Paul S. McCarthy
   Assistant Attorney General
   Federal Bar No. ct14793
   605 Gilbert Road, U-177
   Storrs, CT 06269-1177
   Tel.: (860) 486-4241
   Fax: (860) 486-4369

2. **Jurisdiction**

   Plaintiff invokes this court's jurisdiction under Title VII 42 U.S.C. § 2000 et seq. and Title 28 U.S.C. §1331.

3. **Jury-Nonjury trial**

   The plaintiff has requested a trial by jury.

4. **Length of Trial**

   The parties estimate that the trial will take 5 days.

5. **Further Proceedings**

   None expected prior to trial.

6. **Nature of Case**

   The plaintiff, a Hispanic male, alleges that he was terminated from his employment in 1999 because of his race and ancestry. He also alleges that he was retaliated against for complaining about what he considered to be discriminatory conduct. Then defendant denies that the plaintiff's race, ancestry, or retaliation was a motivating factor is the decision to terminate his employment.

7. **Trial by Magistrate Judge**

   The parties have not agreed to a trial by a magistrate judge.

8. **Evidence**

   (a) **Plaintiff's Witnesses**:

   The plaintiff reserves the right to call any and all witnesses listed by the defendant and to add additional witnesses prior to trial.

   1. **Edwin Rexach,** Willimantic, Connecticut. Plaintiff will testify about the substance of his allegations of discrimination while employed at UCONN. Plaintiff will testify about his work record, defacto promotions and increase in responsibility, as well as overtime and pay increases while employed at UCONN.

2. **Radames Perez, Jr.** Willimantic, Connecticut. Witness will testify about the substance of the allegations of discrimination against Plaintiff and other Latino workers including witness while witness was employed at UCONN.

3. **Eduardo Parilla,** Willimantic, Connecticut. Witness will testify about the substance of the allegations of discrimination against Plaintiff and other Latino workers including witness while witness was employed at UCONN.

4. **Stephen Galley**, **address unknown.** Plaintiff's supervisor who will testify about his conduct during Plaintiff's employment. Witness' conduct was illegal and discriminatory in that he referred to Plaintiff specifically and in general other Latino workers in a derogatory manner. Witness engaged in harassing and intimidating behavior toward Plaintff.

**Defendant's Witnesses**:

The defendant reserves the right to call any and all witnesses listed by the plaintiff and to add additional witnesses prior to trial and reserves the right to call rebuttal witnesses.

1. **Edwin Rexach, address unknown**. This witness will testify to facts relating to the allegations in his complaint and his statement to UCONN police about drugs at Jonathan's Restaurant.

2. **Regis Synnott, Assistant for the Director of Dining Services at UCONN**. This witness will testify to Edwin Rexach's employment as a crew member at the UCONN dining services department, attendance, tardiness and performance issues that were addressed, circumstances giving raise to the police investigation of Jonathan's Restaurant, the basis for the decision to terminate the plaintiff along with 8 other employees, the race and gender of

3

employees let go since 1998, the race and gender of employees hired between December 1999 and March 2000 and other potential facts related to the allegations in this lawsuit.

3. **Gerald Weller, Director of Dining Services at UCONN**. This witness will testify to Edwin Rexach's employment as a crew member at the UCONN dining services department, attendance, tardiness and performance issues that were addressed, circumstances giving raise to the police investigation of Jonathan's Restaurant, the basis for the decision to terminate the plaintiff along with 8 other employees, the race and ancestry of employees let go since 1998, the race and ancestry of employees rehired or newly hired between December 19, 1999 and March 2000, the two improper loans made by Paul Paquette with University funds to the plaintiff, the disciplinary process initiated against Paul Paquette, and other potential facts related to the allegations in this lawsuit.

4. **Robert Passmore, Assistant Manager for Department of Dining Services at UCONN.** This witness will testify to the operation of Jonathan Restaurant; his interaction with the plaintiff and the employees at Jonathan's Restaurant, the circumstances surrounding a building maintenance disaster in late November 1999; the plaintiff attendance and tardiness issues; his response to complaints about Stephen Gally and illegal loans by the manager at Jonathan's restaurant and his statement to UCONN police.

5. **Custodian of the Records for UCONN police department.** This witness will testify to the official police report of the investigation of the employees at Jonathan's restaurant.

6. **Detectives Sean K. Shortnell and David McGann, UCONN Police Department Detective Unit.** These witnesses will testify to aspects of their investigation into Jonathan's Restaurant and statements given by the plaintiff or other witnesses about the plaintiff's conduct at the restaurant.

      7.     **Jeffrey O. Collins, former Area Assistant Manager, Department Dining Services**. This witness will testify to the plaintiff's relationship with Paul Pasquette, his statement to UCONN police about drugs at Jonathan's Restaurant; his personal observations of the plaintiff's conduct and work complaints about the plaintiff.

      (b)     **Plaintiff's Exhibits**:

1. Employee Handbook

2. Edwin Rexach1999 Gross Wage and Hours

3. Letter from Robert Passmore to Clean Up Crew dated December 2, 1999

4. Letter from Gerald Weller to Edwin Rexach dated April 4, 2000

5. Letter from Gearld Weller to Edwin Rexach dated October 31, 2001

6. List of Employees discharged from Jonathan's on 12/15/99

7. Chronicle Newspaper Article


      **Defendant's Exhibits:**

1. List of Cash Operations Staff in December 1999, by race and gender;

2. List of Cash Operations Staff from Jonathan's Restaurant placed on paid administrative leave from December 9, 1999 to December 16, 1999.

3. List of Cash Operations employees rehired for Jonathan's Restaurant in December 1999;

4. List of Cash Operation new hires in January – March 2000;

5. Dining Services violation record involving the plaintiff, dated 3/20/98;

6. Dining Services violation involving the plaintiff, dated 4/2/98;

7. Letter to Edwin Rexach from Dave Robb, dated 9/6/99;

8. Email from Paul Pasquette, dated 10/18/99;

9.  Letter to Edwin Rexach from Gerald Weller, dated 12/15/99;

10. List of Dining Services employees at Jonathan's Restaurant discharged between 1998 and 2000 for various violations including attendance, performance and impairment while on the job;

11. Letter to Edwin Rexach from Gerald Weller dated 4/4/00, w/ attachments;

12. UCONN police interview report including statements by plaintiff, dated 12/13/99;

13. UCONN police interview report of statement of John Smith, dated 12/10/99;

14. UCONN police interview report of statement of Robert Passmore, dated 12/14/99;

15. UCONN police interview report of statement of Jeffrey O. Collins, dated 12/13/99;

16. UCONN police interview report of statement of Edwin Rexach, dated 12/10/99.

   (c)  **Deposition Testimony**

   The parties do not anticipate any witnesses testifying at trial either by deposition or transcribed testimony.

**9.  Stipulations and Proposed Findings of Fact and Conclusions of Law:**

1.  The plaintiff, Edwin Rexach, is Puerto Rican and of Latino ancestry.

2.  The defendant University of Connecticut Department of Dining Services is a division of the University of Connecticut, a unit of the State of Connecticut System of Higher Education.

3.  The plaintiff was employed by the University of Connecticut Department of Dining Services from August 1996 until December 1999.

4.  The plaintiff was hired in 1996 as a crew member at one of the defendant's business locations, Jonathan's Restaurant.

**(b)(1)  Proposed Voire Dire Questions:**

PLAINTIFF'S QUESTIONS:

1. In general, based on what you read or hear in the news, do you have an opinion about the court system and how it works with respect to employment discrimination cases?

2. Do you think it is a basically fair or unfair system? Why/in what way/s?

3. In what way do you think our system works well?

4. In what ways do you think our system works poorly?

5. Have you or someone you know ever been the subject of discrimination by way of harassment, intimidation or some other conduct?

6. Have you ever been accused of discrimination?

7. One comment often made by the general public is that sometimes employees who have alleged discrimination in one form or another go too far with their allegations?  What are your thoughts.

8. Do you believe that some employees may be supersensitive?

9. Do you believe that within a workplace there can exist a discriminatory hostile environment - meaning that within a workplace, there exists constant harassing, intimidating and discriminatory conduct against certain employees by other employees and/or supervisors. ?

10. If an employer has been notified by an employee that a supervisor or other employees are harassing, intimidating or engaging in other discriminatory conduct against that employee, do you believe the employer should be held accountable for those employees and/or supervisors that engage in the illegal conduct/ discriminatory conduct?

11. Do you believe a plaintiff who has made his case of proving discrimination should be awarded punitive damages?

12. Do you believe that an employee should be awarded for being unjustifiably terminated?

13. Do you believe that an employer has the right to terminate or discipline an employee for suspected drug use without proof?

14. Do you believe that an employer has the right to terminate an employee because that employee has filed a complaint against a supervisor for engaging in discriminatory conduct?

DEFENDANT'S QUESTIONS:

1. Do you know any of the: (1) lawyers or law firms involved in this case; (2) the witnesses; (3) the parties?

2. As jurors, the court will instruct you about the law that applies to this case. Can you apply the law, not as you believe it should be or would want it to be, but only as instructed by the court, even if you personally disagree?

3. If, after hearing the evidence in this case and the Judge's instructions, you found that the defendant had not discriminated against the plaintiff, would you have any difficulty deciding in the defendant's favor, even though the plaintiff would receive no monetary award?

4. Have you or a member of your family or any close friends ever been employed by the State of Connecticut or the University of Connecticut? If so, please state who was employed by the State, Board or CCSU, describe the position held, state when the position was held?

5. If you are employed, please state:

   A. the name of your employer;

   B. your job title;

   C. time you have been employed with current employer.

6. If you have a spouse who is employed, please state:

   A. the name of your spouse's employer;

   B. your spouse's job title;

   C. your spouse's time with current employer.

7. Many of the witnesses in this case are or were employed by the University of Connecticut. Have you or has any member of your family had a personal experience with a member or members of this university such that it would make it difficult to consider their testimony impartially and fairly?

8. Have you or has any member of your family ever been involved in what you consider to be a negative or unpleasant experience with UCONN or any employee of UCONN. If so, please explain.

9. Have you ever held a position entailing supervisory responsibility including the right to hire and fire employees?

10. Have you or has any close friend or relative ever brought suit against the State of Connecticut or other governmental agency?

11. This case involves allegations of discrimination based upon race and national origin. Have you or has any close friend or relative had any personal experience that would make it difficult for you to consider such claims impartially and fairly with respect to all parties?

12. Do you have any opinion about lawsuits involving claims of discrimination generally, or employment discrimination in particular?

13. Do any of you believe that drug use in the workplace is a serious matter that an employer should address.

14. Do any of you believe that an employer should be permitted to terminate an employee for suspected drug use of drug dealing in the workplace.

15. Have you, or any member of your family or circle of friends ever:

   A. Been a plaintiff or defendant in a lawsuit?

   B. Been a witness in a lawsuit?

   C. Belonged to any civil rights or civil justice organization?

   If your answer is yes, please provide details and state whether this might affect your ability to judge this case fairly, and, if so, in what way?

16. Have you, or any member of your family or circle of friends been treated unfairly by your/his/her employer because of age, race, national origin, color, gender, or any other reason? If so, please provide the details.

17. Do you have any feelings for or against parties who come to court and sue for money damages?

18. Do any of you believe that managers employed by the state are inferior to managers of  private employers?

19. Have you ever served in the military? If yes, in what branch did you serve and at what rank?

20. Have you ever served on a jury before? If the answer is yes, please state when and what type of case?

21. Have any of you ever had to make a tough management decision about terminating an employee because you felt it was in the best interest of the business?

22. As a taxpayer, do you expect state managers to be perfect in making business decisions?    Would expect more from a state manager than you would from yourself?

23. Can you apply the law as the judge instructs you even if you personally disagree with the law or believe that it should be o you understand that the court

**(b)(2) Proposed Jury Instructions:**

Accompanying this memorandum as the parties' proposed jury instructions to the Court and filed separately.

**(b)(3) Proposed Verdict Form:**

The parties will submit a proposed verdict forms at the beginning of trial

**(b)(4) Brief Description of Case and Parties:**

The plaintiff, Edwin Rexach, is a Puerto Rican male of Latino decent. He brought this case pursuant to Title VII of the Civil Rights Act against his former employer, the University of Connecticut Department of Dining Services, for alleged discrimination and retaliation. The plaintiff's employment was terminated in December 1999. He claims that a motivating reason for his termination was his race, ancestry and in retaliation for complaints about alleged acts of discrimination. The defendant contends that it terminated the plaintiff along with 8 other employees for legitimate nondiscriminatory and non-retaliatory reasons.

9. **Anticipated Evidentiary Problems:**

The parties will exchange exhibit notebooks on December 20, 2004.

The parties will exchange lists of which exhibits they do not object to the full admission into evidence no later than January 3, 2005.

The parties will file Motions in Limine, if any, no later than January 10, 2005, and objections to Motions in Limine by January 15, 2005.

The parties are unaware of any evidentiary issues at this time.

RESPECTFULLY SUBMITTED,

| PLAINTIFF | DEFENDANT |
| EDWIN REXACH | UNIVERSITY OF CONNECTICUT |

_____     _____

Reine C. Boyer
Federal Bar No. ct 18803
Law Office of Reine C. Boyer
111 Prospect Street
Stamford, CT  06901
Tel: (203) 967-4422
Fax: (203) 967-8822

Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct 21487
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5383

Date: _____        Date:  _____

Paul S. McCarthy
Assistant Attorney General
Federal Bar No. ct14793
605 Gilbert Road, U-177
Storrs, CT  06269-1177
Tel.:  (860) 486-4241
Fax:   (860) 486-4369