**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

EDWIN REXACH                     ]   NO. 3:02CV0243(MRK)
                                  ]
      Plaintiff,              ]
                                    ]
      v.                        ]
                                    ]
UNIVERSITY OF CONNECTICUT     ]
                                    ]
      Defendant.           ]   DECEMBER 7, 2004

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

**<u>INTRODUCTION</u>**

You have now heard all of the evidence in the case. This brings us to the stage in the trial where you will soon undertake your final function as jurors. First, however, it is my duty to instruct you concerning the law that applies to this case.

You must take the law as I give it to you. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the view instructed by me. If any attorney or any witness or any exhibit states a legal principle different from one that I state to you in these instructions, it is my instructions that you must follow. This is a long instruction, and I may repeat certain parts. That does not mean that those parts should be emphasized. You should not single out any one part of my instructions and ignore the rest. Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others. The order in which I give you

1

instructions does not indicate their relative importance.  Do not read into these instructions, or into anything I have said or done, any suggestion from me about what verdict you should return-- that is a matter for you alone to decide.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration. The instructions that I now will give are the final and complete instructions.  If you believe that what I am going to tell you now is not consistent with the instructions I gave you at the start of the trial, you should not rely on anything different that I may have said in the preliminary instructions.  The instructions I am now giving you must guide your deliberations in this case.

## ROLE OF JURORS

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.  All persons and parties stand equal before the law and are to be dealt with as equals in this, a court of justice.  I know that you will do this and in that way reach a just and

true verdict.

You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be.  The rulings I have made during the trial are not any indication of a view of what your decision should be as to whether or not the plaintiff has proven his case.  You must dismiss from your mind completely any documents or testimony that has been excluded by the court, and you must refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing.

I also instruct you to draw no inference from anything I said or did during trial.

You may also not draw any inference from the mere fact that the plaintiff has filed this lawsuit.

As to the facts, ladies and gentlemen, you are the exclusive judges, and you are to perform the duty of finding the facts fairly, without bias or prejudice to any party.

## **ROLE OF ATTORNEYS**

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law.

All those questions of law must be decided by the court.  You should not show any prejudice against any attorney or any party because the attorney objected to the admissibility of

evidence, or asked the court to rule on the law.

## **BURDEN OF PROOF**

In a civil case such as this one, the plaintiff has the burden of proving each element of his claims. In this case, the plaintiff must prove each element by a preponderance of the evidence.[1]

To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. Therefore, a party must prove more than simple equality of evidence. If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then the party with the burden of proof has failed to sustain his burden, and you must decide that issue against that party.

However, the party need prove no more than a preponderance. As I indicated, a preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether an element of a claim has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. So long as you find that the scales tip, however slightly, in favor of a party who has the burden of proof on an element, then that element will have been proven by a preponderance of the evidence.

---

[1]     St. Mary's Honor Center v. Hicks, 509 U.S., 502, 507 (1993).

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial. That standard does not apply to a civil case, such as this, and you should not consider it in this case.

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof. I may also speak of your "finding" various facts as to elements of the claims made in this case. You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence" even if I do not always repeat all of these exact words. Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff or defendant, you must find that fact to have been proven by a preponderance of the evidence even if I simply use the word "find."

### WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence, as full exhibits, without regard to which side offered the witness or exhibit.

It is the witnesses' answers and not the lawyers' questions that are evidence. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and then asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. Similarly, if an attorney described a witness's testimony, you should not necessarily accept that as the witness's testimony. It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  What they will say in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  In certain instances, evidence may have been admitted only for a particular purpose and not generally for all purposes.  For the limited purpose for which it has been received, you may give such evidence the weight you decide it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned by the court.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence.  My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion about the weight or effect of such evidence.  Finally, anything you may have seen or heard when the court was not in session or outside this courtroom is not evidence. You are to decide the case solely on the evidence received at trial.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he or she saw, heard or observed.  In other words, when a witness testifies about something he or she knows by virtue of his or her own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

6

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. Let me give you another example. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that, because there are no windows in this courtroom, you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. It is not the only conclusion you could reach, nor must you reach that conclusion, but you could do so reasonably and logically. Circumstantial evidence is simply indirect evidence. Based on your reason, experience, and common sense, you can find from one or more established facts — in my example, people with wet umbrellas — the existence or non-existence of some other fact—that it has been raining.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

You may draw an inference based on circumstantial evidence only if it is reasonable and logical, not if it is speculative.  You are allowed to draw logical inferences from facts that you find to have been proven; but you may not go outside of the evidence to find the facts, neither may you resort to guesswork or conjecture.  To aid you in better understanding this, in the rain example I used a moment ago, although you could infer from evidence of the wet umbrellas that it had rained, you could not also infer that there was a thunderstorm, without additional evidence.  In other words, you must avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case.

## **STIPULATIONS**

During the trial, the attorneys' arguments, and these instructions, you will have heard references to "stipulations" or that some fact is "stipulated."  A stipulation of fact is an agreement among the parties that a certain fact is true.  Stipulations are evidence.  The effect of a stipulation is to relieve the party with the burden of proving that fact from having to introduce evidence to prove it.   Because the parties have agreed, you are to take such agreed facts as true for purposes of this case.

## **INFERENCES**

In their arguments, the attorneys ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.  An inference is not a suspicion or a guess or speculation.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. It is a deduction or conclusion that you, the jury, are permitted to draw, but are not required to draw, from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. You are permitted to draw reasonable inferences from the facts that you find have been proven.

## DETERMINING THE CREDIBILITY OF WITNESSES

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? When you watched a witness testify, everything a witness said or did on the witness stand counts in your determination. What impression did the witness give you? How did the witness appear? What was his or her demeanor, that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a

person says, but how he says it that makes us believe or disbelieve him.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party.  You should consider the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; his or her candor or lack of candor; and his or her intelligence or the lack thereof; and, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with care.  Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to just the factors I have mentioned.  You should use all the tests for

10

truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

## IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency, and whether that explanation made sense to you.

Now, let me turn to the specific claims in this case.

In this case, the plaintiff, Edwin Rexach, claims that he was terminated in December 1999 because of his race, ancestry and in retaliation for complaining about conduct by a coworker that he considered discriminatory.

The University of Connecticut ("UCONN") denies Mr. Rexach's allegations and claims that he was terminated for legitimate nondiscriminatory reasons unrelated to his race, ancestry or his complaints about his coworker.

In order to prevail in his case against the University of Connecticut, the law requires that Mr. Rexach prove a number of elements, referred to under the law as a "prima facie" case. In your deliberations, it will be useful to consider these elements in stages, which I will lay out for you. First, you will have to decide whether Mr. Rexach has proved the elements of his case. The burden then shifts to the defendant to article a legitimate nondiscriminatory reason for its decision. If the defendant articulates a nondiscriminatory reason, the plaintiff must convince you by a preponderance of the evidence that the defendant's reason or reasons was a "pretext" for unlawful discrimination. Ultimately, the burden of proof rests with the plaintiff to prove intentional discrimination or retaliation.

As you consider whether UCONN intentionally discriminated against Mr. Rexach in its decision to terminate his employment, you will have to determine whether Mr. Rexach has proved, by a preponderance of the evidence, that race, ancestry or his complaint about a co-worker was a "motivating factor" in the defendant's decision to terminate his employment. When I say that Mr. Rexach must prove that race or ancestry was a "motivating factor", I mean he must prove that his race or ancestry was a factor that actually played a role in the defendant's decision-making process and had a determinative influence on the outcome. Finally, if necessary, you will consider the question of damages.

## <u>TITLE VII – RACE/ANCESTRY DISCRIMINATION</u>

In order for the plaintiff to establish that the defendant discriminated against him on the basis of his race and ancestry, he must establish the following elements by a preponderance of the evidence:

First, that he is Hispanic;

Second, that he suffered an adverse employment action;

Third, that he was qualified for the position that he held at the time he was terminated;

Fourth, that the circumstances surrounding his termination give rise to an inference of intentional discrimination.[2]

The parties agree that Mr. Rexach is a Puerto Rican of Latino decent.  The parties agree that Mr. Rexach suffered an adverse employment action in December 1999  when his employment at UCONN was terminated. Therefore he need not prove anything further on the first two elements.

In order for Mr. Rexach to show that race or ancestry was a motivating factor in the defendant's decision to terminate his employment, he is not required to prove that his race or ancestry was the sole, or even primary, motivation for defendant's position.  It is sufficient for him to prove that race or ancestry was one motivating factor in the defendant's decision and had a determinative influence on the outcome of that decision.

UCONN has argued that its decision to terminate Mr. Rexach was not based on racial considerations.  UCONN claims it made its decision because of performance, attendance and the police investigation into drug dealing at Jonathan's Restaurant on the UCONN campus. Even if

---

2      <u>Chamber v. TRM Copy Ctrs. Corp.</u>, 43 F.3d 29, 37 (2d Cir. 1994);  <u>Blake-McIntosh v. Cadbruy Beverages, Inc.</u>, 1999 U.S. Dist. LEXIS 16550 (D. Conn).

you reach the conclusion that this was not the University's real motivation, that, in and of itself, is not enough to make the defendant liable. Mr. Rexach is still required to prove, by a preponderance of the evidence, that one of the motivating factors in the defendant's decision was Mr. Rexach's race or ancestry. However, if you think that the defendant is not telling the truth about its reason for terminating Mr. Rexach, you are permitted – but not required – to infer that its stated reason is merely a pretext for racial discrimination.

For the purpose of this case, you must assume that the University was entitled to base its decision on any factor except race or ancestry for retaliating purposes. Accordingly, you may not find the defendant liable simply because you think it made a bad decision, an unfair decision, or a decision you would not have made. Even if you believe that you would have made a different decision under the circumstances, good faith errors in business judgment standing alone is not discrimination or retaliation.[3] You may only find the defendant liable only if you find that the plaintiff's race or ancestry was a motivating factor in its decision.

---

[3]    Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dixt. LEXIS 16550 (D. Conn. 1999); Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986); 251, 255 (1st Cir. 1986). Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259, 101 S.Ct. 1089 (1981); Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir. 1997); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988); Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.), cert denied, 474 U.S. 829 (1985); Smith v. Monsanto Chemical Co., 779 F.2d 719, 723 n.3 (8th Cir. 1985) cert denied, 475 U.S. 1050 (1986); Cowan v. Glenbrook Security Servs, Inc., 123 F.3d 438, 445-46 (1997); Stemmons v. Missouri Dept. of Corrections, 82 F.3d 817, 819 (8th Cir. 1996); Mungin v. Kattin Muchin & Zarvis, 116 F.3d 1549, 1556 (D. C. Cir. 1997).

Similarly, you must assume that the University is not required to extend special or favorable treatment to its employees because of their race or ancestry. You have heard evidence in this case about the number of Hispanic American's hired for certain positions by the University. You may consider that evidence only to the extent it helps you determine whether or not the University's 1999 decision with respect to Mr. Rexach was motivated by his race or ancestry.

## **RETALIATION**

Mr. Rexach also claims that defendant UCONN retaliated against him in violation of Title VII of the Civil Rights Act. In order to prevail on his claim of retaliation under Title VII, Mr. Rexach must prove by a preponderance of the evidence that:

(1)     he engaged in a protected activity. In other words, that he opposed employment practices which he reasonably and honestly believed were discriminatory;

(2)     his employer was aware of that activity;

(3)     he suffered an adverse employment action; and

(4)     there is a causal link between the protected activity (the opposition to discrimination) and the adverse employment decision. In other words, the fact that Rexach engaged in the opposition to discrimination was a motivating factor in the defendant's decision to terminate him. [4]

If Mr. Rexach proves a prima facie case as I have previously instructed you, the burden shifts and defendant must articulate a legitimate, nondiscriminatory reason for the adverse action. Once defendant UCONN has dispelled the inference of retaliation by establishing a legitimate, nondiscriminatory reason, Mr. Rexach must demonstrate that the articulated reason was a pretext for discrimination.

---

[4]     Galdieri-Ambrosini v. National Reality & Development Corp., 136 F.3d 276, 292 (2d Cir. 1998).

## **DAMAGES**

If Mr. Rexach has proven by a preponderance of the credible evidence that the defendant is liable on one or both of his claim, then you must determine the amount of damages, if any, to which Mr. Rexach is entitled. You should bear in mind that Mr. Rexach has the burden of proving both that he suffered damages as a result of the defendant's actions, and the extent of those damages.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations. Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that the defendant is liable on one or both of Mr. Rexach's claims. These instructions are for your guidance, should you reach the issue of damages.

If you return a verdict for the plaintiff, then you may award him a sum of money that you believe will fairly and justly compensate him for any injury you decide Mr. Rexach actually sustained as a direct consequence of defendant's conduct. The purpose of damages is to place the plaintiff in as good position as he would have been in if it were not for the defendant's conduct.

You shall award actual damages only for those injuries that you find Mr. Rexach has proven by a preponderance of the evidence to have been the direct result of the defendant's conduct. That is, you may not simply award actual damages for any injury suffered by the plaintiff -- you can award actual damages only for those injuries that are a direct result of actions by the defendant.

You must distinguish between, on the one hand, the existence of a violation of Mr. Rexach's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant violated Title VII, you then have to ask whether Mr. Rexach has proven by a preponderance of the evidence that the deprivation caused the damages that he claims he suffered.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

In addition to any salary or retirement benefit losses, that have been proven by the plaintiff, the amount of damages may include reasonable compensation for any humiliation, anxiety and other emotional loss Mr. Rexach has proven he actually suffered as a result of the defendant's conduct.

## **DOUBLE RECOVERY**

I have said that if you return a verdict for Mr. Rexach, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of defendant UCONN. If you find that the defendant caused his injury, you must remember, in calculating the damages, that he is entitled to be compensated only once for injuries he actually suffered. Just as you may not award him damages based on sympathy or emotion, you also must not award him duplicate damages. [5]

---

5       Adapted from 4 L. Sand, et al., Modern Federal Jury Instructions, Instruction 87-91 (April, 1996).

## MITIGATION OF DAMAGES

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to reduce or minimize the loss or damage. The plaintiff cannot recover damages that, through a reasonable effort, he could have could avoided.

If you find defendant UCONN is liable and that Mr. Rexach has suffered damages, he may not recover for any item of damage he could have avoided through such reasonable effort. If he unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question of whether Mr. Rexach acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the defendant's burden of proving that the damages reasonably could have been avoided.  In deciding whether to reduce Mr. Rexach's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether defendant UCONN has satisfied its burden of proving that Mr. Rexach's conduct was not reasonable.[6]

---

6    Adapted from 5 L. Sand, et al., Modern Federal Jury Instructions, Instructions 87-34, 87-90 (September, 1997).

## CLOSING ARGUMENTS

At this point we will interrupt the instructions to hear closing arguments of counsel. I will conclude the instructions after those summations. Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

## CLOSING REMARKS

Let me now say a few words about your deliberations.

First, keep in mind that nothing I have said in these instructions—indeed, nothing I have said or done during this trial—is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors. You should not deliberate except when all jurors are present.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous. If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.  Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

The instructions that I gave you at the beginning of the case about outside influences apply during your deliberations.  Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors.  Also, do not read or listen to any outside information about the case during your deliberations.  And do not try to do any research or make any investigation.  And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.  Remember at all times that you are not partisan.  Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.  Focusing on the questions set forth in the verdict form will assist you in your deliberations.  You must complete and return the verdict form in court when you have reached your decision.  You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.  Then inform the court security officer or clerk that you have reached a verdict.  The verdict form must be used only in connection with the charge I have just given to you.  The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the special verdict form. As you will see when you retire to the jury room, the form consists of several questions. Most questions call for either a "yes," "no," or "not applicable" answer or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in italicized print after each question. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. The italicized instructions will guide you through the verdict form.

You are about to go into the jury room to begin your deliberations. Please wait to begin deliberations until the deputy clerk brings the verdict form and exhibits in to you. It will take a few minutes to gather the exhibits. If you want any of the testimony read, you must request that. Please remember that it is not always easy to locate what you might want. It can take a long time to find it, so please consider that. If you feel you really need testimony read back, be as specific as possible in your request. Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer seated outside the jury room. If you send out a question, I will consult with the parties before answering it, which may take some time. You may, if you can, continue your deliberations while waiting for the answer to any question. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise. Never disclose any vote count in any note to the court.

It is proper to add a final caution.

21

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you. Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.

<div style="margin-left: 40%;">

DEFENDANT
UNIVERSITY OF CONNECTICUT,
DEPARTMENT OF DINING SERVICES

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By:    _____
       Joseph A. Jordano
       Assistant Attorney General
       55 Elm Street, P.O. Box 120
       Hartford, CT  06141-0120
       Tel:  (860) 808-5340
       Fax: (860) 808-5383
       Federal Bar No. ct21487
       Email:  Joseph.Jordano@po.state.ct.us

</div>

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing Defendant's Proposed Jury Instructions was

mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 7th day of

December, 2004, to the following:

> Reine C. Boyer, Esq.
> Law Offices of Reine C. Boyer
> 111 Prospect Street, Suite 400
> Stamford, CT  06901
> Tel.: (203) 967-4422

_____
Joseph A. Jordano
Assistant Attorney General